Chancellor Thompson.<
This bill is filed to set aside she*riff Ford’s deed of conveyance to James Stevens, the purchaser-at sheriff’s sales in 1822, on the grounds of gross inadequacy of price, of irregularity in the sale, and of fraud in the defend'ant Stevens, in purchasing. The defendant Stevens, pleads the statute of limitations, relying on his adverse possession from that period to the present time; denies the fraud or any instrumentality in procuring the sale; and answers by way of demurrer to the jurisdiction of the court, because the complainants had adequate remedy at law.
.The evidence dearly rebuts the charge of fraud, and manifests that the sheriff’s sale was fair, public, and open, and attended by numerous persons who might have become bidders if they chose to do so. The advertisement of the land was made on the court-house door, in the city Gazette of Charleston, on eight different days, and was publicly known in the neighborhood of the land itself; and Stevens appears to have known nothing of the sale until a few days, prior to it, when he became the purchaser at a small price. The advertisement did not specify the number of acres sold; but the lands of Bear-field, though held by distinct titles, all adjoined each other; were jointly levied on by the deputy sheriff, and all sold by the sheriff as one body to defendant Stevens. The purchase mosey was paid down by the purchaser immediately after the sale; and though the sheriff did not execute the titles to him until after he was out office, he gave the purchaser a special receipt on the day of sale for the purchase money, with a promise to make him titles whenever called upon.
The defendant’s plea of the statute of limitations musí be sustained in this ease; for he appears to have had peaceable and adverse possession of the land from' 1812 to the present time, and the complainants have already submitted to a non suit at law, in an action to try titles against Stevens, in 1818. If the charge of fraud had been clearly made out, I would have been disposed to lend the aid of this court to assist the complainants in the court of law, hut the defendant’s conduct appears to have been fair and unimpeachable. The sheriff’s levy and *55 advertisement, and the general regularity of his proceedings, furnish no ground to impeach the sale; and even if they had been irregular and no fraud proved, the purchaser would have been protected in his fair purchase; for even the courts of law have decided that it is not the duty of the purchaser to see that the sheriff’s duties were properly performed. Public convenience and policy equally forbid that such should be the construction of the act regulating sheriff’s sales. If the owner of the property levied on has been damnified by the sheriff’s conduct, he has his remedy against the sheriff, on his bond for the faithful performance of his duties. '
The demurrer to the jurisdiction of the court and the relief sought must also be sustained, for the court of law can afford an adequate remedy by declaring the sale void (if there be grounds to do so,) and that the sheriff’s deed .would be a nullity without the interference of this court.
Upon the subject of inadequacy of price, I am not aware that the- rule has ever been applied to public sales under proper authority, to declare them void for mere inadequacy.
It is therefore ordered and decreed, that the bill he dismissed with costs.
From this decree complainants appealed, on the -grounds:
1st. That the irregularity of the advertisement, and the great inadequacy of price vitiated the contract of sale, by the sheriff to the defendant;
2nd. That the conveyance being made after the office of Mr. Ford had expired, and antedated, was fraudulent, and-ought to have been given up to be cancelled:
3rd. That the statute of limitatioiis was no bar, inasmuch as it was uncertain whether defendant’s possession began five years before 10th March, 1817; and at most his possession could not avail for more than his- actual occupancy:
4th. That if his boner did not think the complainants had sufficient equifyt0 entitle them to full relief, he ought to have set asside the sheriff’s deed, and allowed the parties to try ths¡ right under the statute of limitations at law.
Pcttigrue, for appellants.
Hesauasurc, contra^
For the appellants it was argued that the shcriiT's deed was void. That the act of the legislature authorizing the successors of sheriff’s who have sold lands to convey, incapacitates the sheriff to execute titles after the expiration of his office. That the procuringthe deed to be antedated-was a fraud, and ought to prevent the defendant’s availing himself of the statute of limitations. That defendant had no title, but only an executory 'contract to convey; which ought not to be enforced on account of the inadequacy of price; and that at all events the deed should have been made in conformity with the advertisement, which could only apply to the land included in one of the ■grants.
Decree affirmed by the vs hole court.